UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KATHERINE ELIZABETH BARNET and
WILLIAM JOHN FLETCHER, as
LIQUIDATORS OF OCTAVIAR
ADMINISTRATION PTY LTD (IN
LIQUIDATION),

|  |  |
|---|---|
| Plaintiffs, | 14-cv-1376 (PKC) |
| -against- | MEMORANDUM<br>AND ORDER |

DRAWBRIDGE SPECIAL OPPORTUNITIES
FUND LP, FORTRESS INVESTMENT GROUP
LLC, GLENN PATRICK CUMMINS,
CONSTANTINE MICHAEL DAKOLIAS, and
MARC KEITH FURSTEIN,

                                        Defendants.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/2014

CASTEL, U.S.D.J.

The defendants had moved to dismiss this action based on the doctrine of forum

non conveniens, and this Court denied the motion in a Memorandum and Order dated August 27,

2014 (the "FNC Order").  In a subsequent Memorandum and Order dated September 5, 2014 (the

"Comity Order"), this Court denied the defendants' request to dismiss or stay this action based

on principles of international comity.  The defendants now move for reconsideration of those

decisions.  For the reasons set forth below, the defendants' motion is denied.


BACKGROUND

The Court refers the reader to the FNC and Comity Orders for a more complete

background of the case.  In brief, the plaintiffs are the court-appointed liquidators (the

"Liquidators") of Octaviar Administration Pty Ltd. ("OA") and another company, both members

of the Octaviar Group, a group of now insolvent Australian corporations.  Their claims arise out

of an alleged fraudulent conveyance of approximately $200,000,000 AUD from the Octaviar

Group to Australian affiliates of Fortress Investment Group LLC ("Fortress"), which is a

defendant in this action.  On April 6, 2010 and April 3, 2012, the Liquidators commenced two

proceedings, which were later consolidated (the "Australian Action"), in the Supreme Court of

Queensland, against those Australian affiliates (but not Fortress itself) and two directors of OA.

       In order to facilitate the prosecution of the claims of the OA estate and to compel

the production of documents in the possession of Fortress and its parent company, defendant

Drawbridge Special Opportunities Fund LP ("Drawbridge"), on August 13, 2012, the Liquidators

sought recognition of the OA liquidation as a foreign main proceeding under Chapter 15 of the

Bankruptcy Code.  Recognition was granted once, vacated on appeal, and then finally granted

again on June 19, 2014.  While the Chapter 15 proceeding was stayed on appeal, on June 19,

2013, the Liquidators also filed an application in this Court for judicial assistance pursuant to 28

U.S.C. § 1782, which was granted by the judge sitting in Part I two days later.  The defendants

moved to vacate or stay the order of the Part I judge.

       Throughout these proceedings, in their briefing and in court appearances, the

defendants in this case consistently maintained that there would be no personal jurisdiction over

them or any of their U.S. affiliates in Queensland.  That position was accepted by both the

Bankruptcy Court in granting Chapter 15 recognition, see In re Octaviar Administration Pty Ltd.,

511 B.R. 361, 374 (Bankr. S.D.N.Y. 2014) ("Drawbridge is apparently not subject to, and

refuses to consent to, the jurisdiction of the Australian court"), and by the Court in the section

1782 proceeding, which, in granting a stay, stated that "it appears the Australian courts lack

jurisdiction over [the American] companies." (Atkins Decl., Ex. X at 13:24–25.)  At no time

subsequent to these two rulings did the defendants apprise either court that, in its rulings, it had

misapprehended the defendants' position on personal jurisdiction.

   The Liquidators brought the instant action on February 27, 2014, which arises out

of the same underlying facts as the Australian Action.  Defendants moved to dismiss on a variety

of grounds.  In the FNC Order, this Court held that, because the defendants had consistently

taken the contrary position in the Australian courts, in Bankruptcy Court and in the section 1782

proceeding, they were judicially estopped from arguing in this action that the Australian courts

had jurisdiction over them.  See FNC Order at 11–18.  Because dismissal pursuant to forum non

conveniens requires an adequate alternate forum, the Court denied the defendants' motion to

dismiss on that ground.  See id. at 19.  In the Comity Order, this Court dismissed several of the

plaintiffs' claims, but refused to dismiss or stay the action on international comity grounds.  See

Comity Order at 42–45.  It explained that, because there was no jurisdiction over the defendants

in Australia, "[a] dismissal or stay of the instant action would thus potentially leave the

Liquidators without any forum in which to pursue their claims against the U.S. Defendants."  Id.

at 45.


DISCUSSION

   Motions for reconsideration, which are governed by Rule 60(b), Fed. R. Civ. P.,

and Local Civil Rule 6.3, are "generally not favored and [are] properly granted only upon a

showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d

Cir.2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)).

Such exceptional circumstances include "an intervening change of law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel

of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013).  "[A] motion to

reconsider should not be granted where the moving party seeks solely to relitigate an issue

already decided."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

        The defendants challenge the Court's application of the doctrine of judicial

estoppel.  They assert, first, that they never took "clearly inconsistent" positions on whether they

would be amenable to personal jurisdiction in Australia, but in so doing, they do not point to

anything that the Court failed to consider in its FNC Order, let alone anything constituting an

exceptional circumstance requiring reconsideration.  They reframe their statements to the

Bankruptcy Court as merely reflecting the fact that their counsel had no authority to consent to

jurisdiction at that very moment.  This is precisely the type of narrow interpretation that the

Court earlier found "unpersuasive."  See FNC Order at 13.  The defendants also quote language

from their submissions to the Bankruptcy Court characterizing the claims in this action as

nothing more than counts that could have been filed in the Australian litigation, but this is a far

cry from disabusing the Bankruptcy Court of the notion that these defendants would not be

subject to personal jurisdiction in Queensland.

        Next, the defendants assert that controlling legal authority requires a favorable

decision by the first tribunal in order for judicial estoppel to apply in the second.  None of the

cases they point to, however, have caused the Court to change its view of the doctrine as

articulated in the FNC Order.  To reiterate: "judicial estoppel is an equitable doctrine invoked by

a court at its discretion," New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quotation marks

omitted), and there are no "inflexible prerequisites or . . . exhaustive formula" for its application.

Id. at 751.  See also Adelphia Recovery Trust v. Goldman, Sachs & Co., 748 F.3d 110, 116–17

(2d Cir. 2014) ("the exact criteria for invoking judicial estoppel will vary based on specific

factual contexts"). <u>New Hampshire</u> itself did not involve a prior favorable decision on the

merits, but rather prior approval of a consent decree. 532 U.S. at 752. Courts in this district

have held that "[j]udicial estoppel does not require that a court expressly assume a party's

position in formulating its opinion or issue a final decision on the merits." <u>Capmark Fin. Grp.</u>

<u>Inc. v. Goldman Sachs Credit Partners L.P.</u>, 491 B.R. 335, 353 (S.D.N.Y. 2013); <u>cf.</u> <u>Kunica v.</u>

<u>St. Jean Fin., Inc.</u>, 233 B.R. 46, 58–59 (S.D.N.Y. 1999) (applying judicial estoppel to a party

who did not receive a bankruptcy discharge in a prior proceeding, but whose bankruptcy case

was merely dismissed). At least three other circuits have explicitly stated that a prior favorable

decision is not a prerequisite to the application of judicial estoppel. <u>See</u> <u>In re Cassidy</u>, 892 F.2d

637, 641 (7th Cir. 1990) (holding that a party that, on appeal, prevailed on a subsidiary question

but lost the appeal as a whole was judicially estopped); <u>Reynolds v. Comm'r</u>, 861 F.2d 469, 473

(6th Cir. 1988) ("The 'prior success' requirement does not mean that the party against whom the

judicial estoppel doctrine is to be invoked must have prevailed on the merits. Rather, judicial

acceptance means only that the first court has adopted the position urged by the party, either as a

preliminary matter or as part of a final disposition." (quotation marks omitted)); <u>In re Coastal</u>

<u>Plains, Inc.</u>, 179 F.3d 197, 206 (5th Cir. 1999) (same, quoting <u>Reynolds</u>). None of the Second

Circuit cases cited by the defendants hold that a favorable ruling by the first court is an essential

requirement for the application of judicial estoppel.

   Because judicial estoppel applies, the defendants are barred from arguing that

there would be personal jurisdiction over them in Australia and thus that Australia is an adequate

alternative forum for <u>forum</u> <u>non</u> <u>conveniens</u> purposes. <u>See</u> <u>Norex Petroleum Ltd. v. Access</u>

<u>Indus., Inc.</u>, 416 F.3d 146, 157 (2d Cir. 2005) (noting that an alternative forum is adequate only

if the defendants are amenable to process there). The six pages of their opening brief devoted to

arguing precisely that are thus misguided.  Judicial estoppel obviates the need for the Court to analyze independently the defendants' amenability to jurisdiction in Australia.  The FNC Order said as much when it noted that the declaration of Ian Jackman, on which the defendants again rely here, was beside the point because it "provides no light on the past or present positions of the defendants, which lie at the heart of the estoppel issue."  FNC Order at 14.

                Finally, the defendants have not persuaded the Court to revisit its decision not to dismiss or stay this action based on principles of international comity.  While they argue— correctly—that the foreign jurisdiction need not be an "adequate forum" for forum non conveniens purposes for international comity abstention to apply, the adequacy of the foreign jurisdiction nevertheless remains a factor for courts to consider.  See Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006) (requiring evaluation of "the adequacy of the alternate forum").  That factor becomes particularly important if the Australian defendants are not responsible for obligations of the defendants in this action, a consideration which bears on the question whether the defendants here and in the Australian action should be considered "substantially similar."  See id. at 94–95 (noting that the issue of substantial similarity was raised when the foreign defendant asserted that it was not responsible for the obligations of the U.S. defendant).  If they are not (the defendants have not argued this one way or the other), and if there is no jurisdiction over the U.S. defendants in Australia (which the defendants are estopped from contesting), then a dismissal or stay of this action would very concretely prejudice the plaintiffs' ability to recover from those defendants.  Under these circumstances, and in light of this Court's "virtually unflagging obligation to exercise the jurisdiction given" it, see id. at 92 (quoting Colorado River Water Conservation Dist. v. United

States, 424 U.S. 800, 817 (1976) (alteration omitted)), refusal to stay or dismiss this action was well within this Court's discretion.

CONCLUSION

For the foregoing reasons, the motion for reconsideration is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 17, 2014